# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BILLY RAY SNEAD,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:17CV00082 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD W. CLARKE, DIRECTOR,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Billy Ray Snead, Pro Se Petitioner.*

The petitioner, Billy Ray Snead, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his confinement under the state court judgment entered against him in January 2014. Upon review of the record, I conclude that the petition must be summarily dismissed as untimely filed under 28 U.S.C. § 2244(d).[1]

I.

Snead pleaded no contest in the Montgomery County Circuit Court to two counts of Aggravated Sexual Battery. He was sentenced to two, consecutive ten-year terms of imprisonment on January 28, 2014. Snead's appeal to the Court of Appeals of Virginia was refused on December 12, 2014, and he did not seek a

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

subsequent appeal to the Supreme Court of Virginia. In May 2016, Snead filed a Petition for a Writ of Habeas Corpus in the Supreme Court of Virginia that was refused on October 14, 2016, as untimely and his petition for rehearing was refused on February 2, 2017.

Snead signed and dated this § 2254 petition on March 3, 2017, alleging that his trial attorney was ineffective for not presenting a defense based on Snead's mental health problems and mental retardation. The court conditionally filed the petition, notified the petitioner that it appeared to be untimely based on this summary of procedural history, and granted him an opportunity to provide any evidence or argument on that issue. The time allotted for him to do so has elapsed, but he has failed to provide any additional evidence.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final — when the availability of direct review is exhausted. *See* 28 U.S.C. § 2244(d)(1)(A). If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

When the Court of Appeals of Virginia denied Snead's direct appeal on December 12, 2014, he had thirty days — until January 12, 2015 — to note an appeal to the Supreme Court of Virginia, Va. Sup. Ct. R. 5:14, but failed to do so. Accordingly, his convictions became final, and his federal habeas filing period began to run on January 12, 2015. That one-year filing period expired on January 12, 2016. Snead did not file his § 2254 petition until March 3, 2017, at the earliest,[2] nearly two years after his filing period ended. Thus, the petition is untimely under § 2244(d)(1)(A).[3]

Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." Snead's state habeas petition was not "properly filed," however, because he did not submit it in time under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 412 (2005) (holding that when state court dismisses state habeas petition as untimely, that petition is not "properly filed" for purposes of tolling under § 2244(d)(2)). Moreover, Snead did not file his state habeas petition until after the federal filing period had expired, another reason that the

---

[2] Under Rule 3(d) of the Rules Governing 2254 Cases, an inmate's habeas petition is considered to be filed on the date when he delivers it to prison authorities for mailing to the court.

[3] Snead does not argue or allege facts showing that his federal filing period could be calculated under any other subsection of § 2244(d)(1), based on removal of a state-created "impediment," a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or on newly discovered facts. 28 U.S.C. § 2244(d)(1)(B)-(D).

state petition did not toll the federal time clock.  Furthermore, Snead has not offered any ground for equitable tolling of the federal filing period.  *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000) (holding that equitable tolling is only available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

### III

For the reasons stated, I conclude that Snead's § 2254 petition is untimely filed under § 2244(d), and he fails to state facts warranting the invocation of equitable tolling.  Accordingly I will summarily dismiss his petition.

A separate Final Order will be entered herewith.

DATED:  May 11, 2017

/s/  James P. Jones  
United States District Judge